IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| CONSTANCE RUYLE,<br><br>            Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, and DOES I - V, unknown parties,<br><br>            Defendants. | Case No. CV 09-0069-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Plaintiff's Motion to Remand. (Docket No. 5.) Having reviewed the parties' briefing, as well as the record in this action, the Court has determined that oral argument on the motion is not necessary. Dist. Idaho Loc. Civ. R. 7.1(d)(2). The Court finds, as more fully explained below, that Plaintiff's Motion to Remand will be denied.

## I.
## Background

Constance Ruyle ("Plaintiff") filed suit on November 25, 2008, in the Fourth Judicial District for the State of Idaho, in and for the County of Ada, against Safeco Insurance Company of America ("Defendant") for general and special damages arising out of alleged breach of insurance contract and breach of the duty of good faith and fair dealing. (Compl., Docket No. 1-2.) The Complaint alleges that Defendant failed to pay the amount due under an uninsured

**MEMORANDUM DECISION AND ORDER - 1**

motorist's policy to Plaintiff within thirty days after proof of loss was furnished by Plaintiff to Defendant, in relation to an automobile accident that occurred in 2005. *Id*.

Defendant removed this case to the Court on February 20, 2009. (Notice of Removal, Docket No. 1.) In its Notice of Removal, Defendant states that Plaintiff is a citizen of the State of Idaho and Defendant is a foreign corporation with its state of incorporation and principle place of business located outside of Idaho. (Notice of Removal p. 2, Docket No. 1.) Defendant alleges the amount in controversy exceeds $75,000, and more specifically, as supported by an Affidavit of Counsel filed with the Notice of Removal, indicates that Plaintiff demanded $118,000 to settle the lawsuit shortly after her complaint was filed. (Sebastian Aff. ¶ 2., Docket No. 2.)

Plaintiff asks the Court to remand the case to state court, contending the amount in controversy does not exceed the $75,000 required for diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(2). (Memo. in Support p. 3, Docket No. 9.) In support of her motion, Plaintiff's attorney submitted an affidavit indicating that Plaintiff offered to accept $55,000 in settlement of her claims in this lawsuit on February 24, 2009, after Defendant filed its Notice of Removal. (Lundgreen Aff. ¶ 6., Docket No. 10.)  Plaintiff does not contest the existence of diversity of citizenship between the parties nor claim Defendant's notice of remand was untimely. Therefore, the issue presented to the Court is whether the amount in controversy exceeds the requisite sum for federal jurisdiction.

## II.
## Discussion

### A.     Standards for Determining Amount In Controversy

28 U.S.C. §1332(a)(2) provides the basis for federal jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and

**MEMORANDUM DECISION AND ORDER - 2**

costs, and is between citizens of a state and citizens or subjects of a foreign state." The sum or amount in controversy is determined by the value of the object plaintiff is seeking, which may include punitive damages and attorney's fees. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction; if there is any doubt to the right of removal in the first instance, federal jurisdiction must be rejected. *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *rev'd in part by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

When suit is instituted in state court and removed to federal court, a strong presumption exists that the plaintiff has not claimed a large enough amount to confer jurisdiction on a federal court. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290 (1938). As a result of the strong presumption against removal jurisdiction, the party seeking removal must carry the burden of establishing that removal is proper. *Prize Frize*, 167 F.3d at 1265; *Gaus,* 980 F.2d at 566**.** The removing defendant cannot base removal on conclusory allegations. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

When it is not facially apparent from the complaint that the damage claims exceed the amount in controversy, the defendant must prove by a preponderance of evidence that plaintiff's claim exceeds the amount in controversy. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To do this, the removing party may present underlying facts, in the removal notice or by affidavit, that support the requisite amount. *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The Ninth Circuit endorses the Fifth Circuit's approach to the preponderance of evidence standard for establishing the amount in controversy. See also *Kroske*, 432 F.3d at 980; *Valdez v. Allstate Ins. Co.* 372 at 1115, 1117 (9th Cir. 2004).

**MEMORANDUM DECISION AND ORDER - 3**

Plaintiff argues the amount in controversy is not facially apparent from the Complaint (Memo. in Support, Docket No. 9.)[1] However, Defendant provided, with its Notice of Removal, a settlement letter from Plaintiff's attorney, sent one week after the complaint was filed in state court, indicating Plaintiff was willing to accept $118,000 to resolve her claims before proceeding with the lawsuit. Sebastian Aff., Ex. 1, Docket No. 2.  A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2001). Since the amount in controversy was not apparent from the Complaint, there is no reason to doubt the amount stated in the December 2, 2008 settlement letter as a reasonable estimate of Plaintiff's claims.

**B.  Amount in Controversy at the Time of Removal**

Plaintiff also argues that the February 24, 2009 letter sent by her attorney to Defendant illustrates Plaintiff's willingness to settle the case for $55,000, and this amount supports her motion to remand. Mem. in Support at 3, Docket No. 9; Sebastian Aff., Attach 1, Docket No. 13. However, it is well settled law that the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed. *Eagle v. Am. Tel. & Tel.*, 769 F.2d 541, 545 (9th Cir. 1985).  Events occurring subsequent to removal which reduce the amount in controversy, whether beyond the plaintiff's control or the result of her volition, do not oust the federal district court's jurisdiction once it has attached. *St. Paul Mercury Indem. Co.* 303 U.S. at 293.

Plaintiff contends that Defendant should have understood that the $118,000 offer of settlement in the December 2, 2008 letter would have been offset by the $63,000 already paid by

---

[1] Plaintiff alleges damages "all in an amount to be proven, but in all cases in excess of the minimum jurisdictional limits [$10,000] of this Court." (Compl. ¶ 7, Docket No. 1-2.)

**MEMORANDUM DECISION AND ORDER - 4**

Defendant to Plaintiff. (Mem. in Support p.3, Docket No. 9; Lundgreen Aff. ¶ 5, Docket No. 10.) However, neither the Complaint nor the December 2, 2008 letter state anything regarding such an offset. Instead, the Complaint alleges a variety of damages[2] and, of note, includes statutory claims for attorneys fees under I.C. § 41-1839 and I.C. § 12-120(3). (Compl. ¶ 21, Docket No. 1-2.) Nothing within the Complaint or the December 2, 2008 letter would or should have alerted Defendant that the $118,000 offer was not a reasonable estimate of the value of Plaintiff's claims, thereby supporting removal to federal court at the time Defendant's notice of removal was filed.[3]

Based on the record before the Court, the preponderance of evidence establishes that Plaintiff's damage claims exceed the amount in controversy, or $75,000, required for federal jurisdiction based on diversity of citizenship. Plaintiff's subsequent attempt to reduce her damage claims for purposes of settlement or remand do not divest jurisdiction from the Court that attached at the time Defendant removed the action to the Court.

---

[2] Damages include "general and special damages for personal injuries, physical pain and suffering, medial expenses, future medical expenses, loss of earnings in the future, mental anguish and grief, loss of the joy of life, and loss of consortium, together with other general damages." (Compl. ¶ 7, Docket No. 1-2.)

[3] Further, Plaintiff's attorney rejected an offer from Defendant to claim damages less than $75,000 because he did not want to limit Plaintiff's damages. (Sebastian Aff. ¶ 3, Docket No. 13.)

**MEMORANDUM DECISION AND ORDER - 5**

## **ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

Plaintiff's Motion to Remand (Docket No. 5) is **DENIED**.

DATED: June 29, 2009

*[signature]*

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**